1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | ROBERTA STEPHANI
PODBIELANCIK,

CASE NO. C13-1934 MJP

11

Plaintiff,

ORDER GRANTING MOTION TO
BIFURCATE AND REMAND

12

13 | v.

14 | LPP MORTGAGE, LTD, et. al.,

Defendants.

15

16

17        This matter comes before the Court on Defendant LPP Mortgage's motion to bifurcate

18 | and remand the unlawful detainer claim.  (Dkt. No. 15.)  Having reviewed the motion, Plaintiff's

19 | response (Dkt. No. 18.), Defendant's reply (Dkt. No. 19), and all related papers, the Court finds

20 | the state court lacked jurisdiction to consolidate LPP Mortgage's unlawful detainer claim with

21 | Plaintiff's case.  Consequently, the Court GRANTS the motion.

**Background**

22

23        Plaintiff Roberta Stephani Podbielancik ("Podbielancik") executed a deed of trust in

24 | 2007, to secure a loan against her home.  (Dkt. No. 2-1 at 6.)  After Podbielancik failed to pay on

1   the loan, Northwest Trustee Services, Inc. issued a notice of trustee sale.  (Id. at 59.)  Defendant

2   LPP Mortgage later purchased Podbielancik's home in a non-judicial foreclosure sale.  (Dkt. No.

3   1-1.)

4          Nearly six months after the sale, LPP Mortgage filed an unlawful detainer action in King

5   County Superior Court against Podbielancik.  (Dkt. No. 15 at 1.)  With the unlawful detainer

6   action pending, Podbielancik sued LPP Mortgage, Dovenmuehle Mortgage, Inc., Northwest

7   Trustee Services, Inc., and Mortgage Electronic Registration Systems, Inc. in King County

8   Superior Court, pursuant to Washington's Deed of Trust Act ("DTA case").  (Dkt. No. 2-1 at 1-

9   33.)  She also moved to consolidate her DTA case with LPP Mortgage's unlawful detainer case.

10   (Id. at 80-85.)

11          On October 16, 2013, King County Superior Court issued an order for writ of restitution

12   to "put [LPP Mortgage] in possession" of the property, conditioned on LPP Mortgage posting

13   $10,000.00 bond.  (Dkt. No. 19-1 at 3.)

14          On October 28, 2013, LPP Mortgage removed the DTA case to this Court based on

15   federal claims and diversity.  (Dkt. No. 1.)  Simultaneously, LPP Mortgage filed a copy of the

16   removal notice with King County Superior Court.  (Dkt. No. 3.)  Later that same day, the state

17   court consolidated the unlawful detainer action with the DTA action.  (Dkt. No. 15 at 2.)

18          LPP Mortgage now moves to bifurcate and remand the unlawful detainer action to state

19   court.  (Id.)

20                      **Discussion**

21          Under 28 U.S.C. 1446(d), a defendant removing a case to federal court must file a notice

22   of removal promptly with the state court.  28 U.S.C. 1446(d).  The filing of the notice of removal

23   with the state court "shall effect the removal and the State court shall proceed no further unless

24

1   and until the case is remanded." 28 U.S.C. 1446(d). State court actions taken after the filing of a

2   notice of removal are void. <u>Maseda v. Honda Motor Co., Ltd.</u>, 861 F.2d 1248, 1254–55 (11th

3   Cir. 1988). Ninth Circuit case law follows the plain language meaning of this statute. <u>See, e.g.</u>,

4   <u>Sexton v. NDEX West, LLC</u>, 713 F.3d 533 (9th Cir. 2013). "An order entered by a state court

5   should be treated as though it had been validly rendered in the federal proceeding." <u>Carvalho v.</u>

6   <u>Equifax Info. Servs., LLC</u>, 629 F.3d 876, 887 (9th Cir. 2010) (<u>internal quotes omitted</u>).

7       Applying those legal principles to this case, the state court lacked jurisdiction to

8   consolidate the unlawful detainer action with the DTA action because it occurred after

9   Defendants filed the notice of removal. (Dkt. No. 3.) Because the state court lost jurisdiction

10   over the DTA case when the notice of removal was filed, the consolidation order is void.

11       Even if the Court were to ignore this fundamental defect, the state court has already

12   reached the merits by ordering a writ of restitution only conditioned on LPP Mortgage's posting

13   of a bond. Because no further proceedings exist in the unlawful detainer action, this Court's

14   exercise of supplemental jurisdiction is unwarranted.

15                                     **Conclusion**

16       Having been entered only after removal, the state court's consolidation order is void. The

17   Court therefore GRANTS the motion to bifurcate and remand.

18       The clerk is ordered to provide copies of this order to all counsel.

19       Dated this <u>19th</u> day of February, 2014.

20

21

                              Marsha J. Pechman

22                               Chief United States District Judge

23

24