UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERTA STEPHANI PODBIELANCIK, <br><br> Plaintiff, <br><br> v. <br><br> LPP MORTGAGE, LTD, <br><br> Defendant. | CASE NO. C13-1934-MJP <br><br> ORDER GRANTING MOTION TO REMAND |

This matter comes before the Court on Plaintiff's motion to remand the case to state court, as required by the prior exclusive jurisdiction doctrine. (Dkt. No. 21.) That doctrine requires federal courts to abstain from ruling on cases involving property subject to concurrent state proceedings. Having reviewed the motion, the response (Dkt. No. 22), the reply (Dkt. No. 23), and all related papers, the Court GRANTS the motion because the disputed property is subject to a King County unlawful detainer action.

//

//

ORDER GRANTING MOTION TO REMAND- 1

**Background**

This case concerns property purchased by Plaintiff Roberta Stephani Podbielancik ("Podbielancik"). She executed a deed of trust in 2007, to secure a loan against her home. (Dkt. No. 2-1 at 6.) After Podbielancik failed to pay on the loan, Northwest Trustee Services, Inc. issued a notice of trustee sale. (Id. at 59.) Defendant LPP Mortgage later purchased Podbielancik's home in a non-judicial foreclosure sale. (Dkt. No. 1-1.)

Nearly six months after the sale, LPP Mortgage filed an unlawful detainer action in King County Superior Court against Podbielancik. (Dkt. No. 15 at 1.) With the unlawful detainer action pending, Podbielancik sued asserting claims under the Washington's Deed of Trust Act ("DTA case") as well as seeking to quiet title. (Dkt. No. 2-1 at 1-33.) LPP Mortgage removed the DTA case to this Court based on federal claims and diversity. (Dkt. No. 1.) Simultaneously, LPP Mortgage filed a copy of the removal notice with King County Superior Court. (Dkt. No. 3.) Later that same day, the state court consolidated the unlawful detainer action with the DTA action. (Dkt. No. 15 at 2.)

LPP Mortgage moved to bifurcate and remand the unlawful detainer action to state court. (Id.) This Court granted the motion, finding the unlawful detainer action had been improperly consolidated with the DTA case because the consolidation order occurred <u>after</u> the DTA case was removed.

Plaintiff now asserts that the DTA case must also be remanded to state court, on the theory of prior exclusive jurisdiction. (Dkt. No. 22.) She claims "the motion is necessary because the two cases concern the same property and same issue of whether the Plaintiff was wrongfully foreclosed and entitled to be restored ownership of the Property to avoid two

different courts possible, conflicting dispositions of an in rem asset as well as judicial economy and avoid duplicative efforts." (Id. at 3.)

**Analysis**

**A. Timeliness of Motion**

Defendant LLP argues the present motion is untimely, because it was filed 130 days after removal. (Dkt. No. 22 at 2.) A motion to remand must be filed within 30 days of removal. See 28 U.S. §1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a).") However, "[if]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Applying those requirements here, the Court finds the motion to remand timely for two reasons. First, Plaintiff's motion challenges the basis for this Court's subject matter jurisdiction and whether remand is required under the prior exclusive jurisdiction doctrine. Second, the issue of two cases dealing with the same property did not arise until Defendant LLP sought to bifurcate and remand the unlawful detainer action to state Court. The basis for the motion was not ripe until this Court bifurcated the cases. The Court finds the motion timely.

**B. Prior Exclusive Jurisdiction**

Plaintiff moves to remand based on the prior exclusive jurisdiction doctrine. (Dkt. No. 21 at 3.) That doctrine requires federal courts to abstain from ruling on cases involving property subject to concurrent state proceedings. Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1043 (9th Cir. 2011). The theory of the doctrine is simple: if a state or federal court "'has taken possession of property, or by its procedure has obtained jurisdiction over the same,'" then the property under that court's jurisdiction " 'is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of

1 | another sovereign.'"  <u>State Engineer v. S. Fork Band of Te–Moak Tribe of W. Shoshone Indians</u>,

2 | 339 F.3d 804, 809 (9th Cir. 2003) (<u>quoting</u> <u>Palmer v. Texas</u>, 212 U.S. 118, 125 (1909)).  That is,

3 | when "one court is exercising *in rem* jurisdiction over a res, a second court will not assume *in*

4 | *rem* jurisdiction over the same *res*."  <u>Chapman</u>, 651 F.3d at 1043 (internal quotation marks

5 | omitted).  The Ninth Circuit recently explained, "[t]he purpose of the rule is the maintenance of

6 | comity between courts; such harmony is especially compromised by state and federal judicial

7 | systems attempting to assert concurrent control over the res upon which jurisdiction of each

8 | depends."  <u>United States v. One 1985 Cadillac Seville</u>, 866 F.2d 1142, 1145 (9th Cir. 1989)

9 | (<u>citing</u> <u>Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader</u>, 294 U.S. 189, 195 (1935)).

10 |      The prior exclusive jurisdiction doctrine requires remand.  The case presently before the

11 | Court includes claims to quiet title and an declaratory judgment as to ownership of the Property.

12 | (Dkt. No. 1-2.)  Yet, it appears King County Superior Court continues to exercise jurisdiction

13 | over the Property as well, in the unlawful detainer action.  Although a writ of restitution was

14 | issued in October 2013, the King County docket shows that the case is still being litigated with a

15 | trial date set and the writ being stayed.  Because the state court is exercising *in rem* jurisdiction

16 | over the property, remand is mandatory.  <u>See Sexton</u>, 713 F.3d 536 n. 5 ("the doctrine of prior

17 | exclusive jurisdiction is now best understood as a prudential (although mandatory) common law

18 | rule of judicial abstention").  Defendant LLP points to this Court's prior order as proof that the

19 | King County Superior Court does not continue to exercise jurisdiction over the Property, because

20 | that order said "no further proceedings exist in the unlawful detainer action."  That order was

21 | premised on the notion that LLP had posted a bond and would proceed with eviction.  The

22 | current King County docket appears to suggest the writ is stayed and a trial date set.

23 | //

24 |

**Conclusion**

Because the disputed Property is subject to claims in this Court as well as the state court, the prior exclusive jurisdiction doctrine requires remand.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 7th day of May, 2014.

Marsha J. Pechman
Chief United States District Judge